**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JUANITA WINSTON, | DOCKET NUMBER |
| Appellant, | AT-0714-18-0481-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: May 22, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Wendell Echols, Sr., Tuskegee, Alabama, for the appellant.

Kristin Bloodworth, Esquire, Decatur, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed her removal taken under the authority of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified as amended at 38 U.S.C. § 714). For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order. On remand, the administrative judge should: (1) find that the agency cannot prove specifications 1 and 2 of the charge; (2) provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in reviewing the proposed removal for substantial evidence was harmful; (3) permit the appellant to pursue her claim of harmful procedural error concerning the agency's alleged violation of the applicable collective bargaining agreement (CBA); (4) reassess the appellant's claim of equal employment opportunity (EEO) retaliation consistent with *Pridgen v. Office of Management and Budget*, 2022 MSPB 31; and (5) review the agency's penalty selection by considering the *Douglas* factors.

## BACKGROUND

Effective May 18, 2018, the agency removed the appellant from her position as a WG-03 Food Service Worker at the agency's Central Alabama Veterans Health Care System (CAVHCS) pursuant to the VA Accountability Act. Initial Appeal File (IAF), Tab 8 at 4, 9-11, Tab 13 at 7. The agency removed the appellant based on a single charge of improper conduct, which was supported by seven specifications. IAF, Tab 8 at 9-14. The specifications related to the appellant's rude and profane comments between April 6, 2017, and February 20, 2018, which were made to her coworkers, her supervisors, and a patient at CAVHCS. *Id.* at 12-13, 15-45. One specification related to a verbal altercation with her twin sister, who also worked at CAVHCS, on January 11, 2018, which required the VA Police to file an official report. *Id.* at 12, 35-37.

The appellant timely filed a Board appeal, challenging her removal and contending that the agency retaliated against her for a prior EEO complaint and created a hostile work environment. IAF, Tab 1, Tab 4, Tab 14 at 4-5. The appellant's amended appeal form indicated a possible third affirmative defense—

harmful error when the agency allegedly failed to comply with the applicable CBA. IAF, Tab 4 at 3, Tab 14 at 6. After holding the appellant's requested hearing, IAF, Tab 4 at 2, the administrative judge issued an initial decision sustaining the removal, IAF, Tab 20, Initial Decision (ID) at 2, 16. The administrative judge found that the agency proved all seven specifications in support of the improper conduct charge and therefore sustained the charge. ID at 4-14. She further found that the appellant failed to prove her affirmative defenses of EEO retaliation or a hostile work environment. ID at 15-16.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency has responded in opposition to the appellant's petition, and the appellant has filed a reply to the agency's response. PFR File, Tabs 4-5.

## ANALYSIS

<u>Specifications 1 and 2 of the agency's charge cannot be sustained because 38 U.S.C. § 714 does not apply retroactively.</u>

The agency removed the appellant under 38 U.S.C. § 714, in part, for conduct predating the VA Accountability Act. After the administrative judge issued the initial decision in the instant appeal, the U.S. Court of Appeals for Federal Circuit issued *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370 (Fed. Cir. 2020). In *Sayers*, the court explained that the VA Accountability Act introduced, as applicable here, an expedited, less rigorous alternative to traditional civil service adverse action appeals under chapter 75. *Sayers*, 954 F.3d at 1374-79. The court determined that the agency could not remove the petitioner under the VA Accountability Act for misconduct that predated its June 23, 2017 enactment because the petitioner was entitled to the substantive

---

[2] The appellant attempted to refile her petition for review with attachments, but the Office of the Clerk of the Board rejected the filing, returned it to her, and informed her of how to file a motion for leave to file an additional pleading. PFR File, Tab 3. The appellant has not filed any such motion, nor has she included any attachments with her reply to the agency's response. PFR File, Tab 5.

civil service protections in effect at the time of his alleged misconduct. *Id.* at 1381. Thus, the court vacated the petitioner's removal. *Id.* at 1382.

In *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 27-33, we considered whether it was possible to sustain the agency's adverse action solely based on post-June 23, 2017 misconduct when the agency's charge included alleged misconduct that both predated and postdated June 23, 2017. We analogized the agency's action under 38 U.S.C. § 714 to a due process error that affects one charge but does not necessarily require vacating the remaining charges. *Id.*, ¶ 30 (citing *Boss v. Department of Homeland Security*, 908 F.3d 1278, 1279, 1282-83 (Fed. Cir. 2018)). Assuming that we could separate specifications of a charge using the same reasoning, we found it inappropriate to do so under the circumstances of the case because the underlying instances of misconduct were so factually interrelated that they could not be fairly separated. *Wilson*, 2022 MSPB 7, ¶¶ 30-33. In that case, the agency's charge of neglect of duty was based on a "steady decline" based on deficiencies of the appellant's subordinates over a period spanning at least 8 months, only 1 of which fell after the enactment of the VA Accountability Act. *Id.*, ¶ 31. Therefore, we reversed the agency's action. *Id.*, ¶ 33.

We find the instant case distinguishable from the circumstances in *Sayers* and *Wilson*. Here, the agency removed the appellant for seven discrete instances of alleged misconduct as set forth in its seven, dated specifications. IAF, Tab 8 at 12-13. Only two of these specifications—specifications 1 and 2—concerned alleged misconduct by the appellant prior to June 23, 2017, the enactment of the VA Accountability Act. *Id.* at 12. As the agency was not permitted to take adverse action against the appellant under § 714 with respect to these two specifications, we disagree with the administrative judge's conclusion that the agency proved specifications 1 and 2. Generally, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *Burroughs v.*

*Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990). Thus, we conclude that the agency's error as to specifications 1 and 2 was harmless as to the remaining specifications, any of which, if proven, is sufficient to sustain its charge. IAF, Tab 8 at 12-13; *see Burroughs*, 918 F.2d at 172; *cf. Wilson*, 2022 MSPB 7, ¶¶ 30-33.

On review, the appellant does not expressly challenge or dispute the administrative judge's findings that the agency proved all specifications of the improper conduct charge by substantial evidence, and thus the charge itself. PFR File, Tab 1 at 1-2; ID at 4-14. Under § 714, the Board shall uphold the agency's decision to remove a covered individual if it is supported by substantial evidence, which is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 38 U.S.C. § 714(d)(2)(A), (3)(B); 5 C.F.R. § 1201.4(p). We discern no basis to disturb the administrative judge's well-reasoned findings that the agency proved specifications 3-7 by substantial evidence, and the administrative judge may incorporate these findings in the remand initial decision. ID at 8-14. However, if any argument or evidence presented by the parties concerning the issues on remand, as set forth herein, affects the administrative judge's analysis of these specifications, she should address such argument or evidence in the remand initial decision.

On remand, the administrative judge should entertain any claim of harmful error raised by the appellant concerning the agency's review of the proposed removal for substantial evidence.

In sustaining the appellant's proposed removal, the deciding official indicated that the allegations described in the proposal were "supported by substantial evidence." IAF, Tab 8 at 9. In *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), the Federal Circuit determined that the agency erred by applying a substantial evidence burden of proof to its internal review of a disciplinary action under 38 U.S.C. § 714. The court found

that substantial evidence is the standard of review to be applied by the Board, whereas the agency's deciding official must use a preponderance of the evidence burden of proof. *Id.* at 1298-1301. In implementing the Federal Circuit's decision in *Rodriguez*, we determined that the agency's application of the substantial evidence standard of proof should be analyzed as a harmful error affirmative defense. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶¶ 22-25.

Because *Rodriguez* and *Semenov* were issued after the issuance of the initial decision and the appellant's petition for review in the instant appeal, the administrative judge should entertain any new harmful error affirmative defense that the appellant might raise based on the same. If the appellant raises such an affirmative defense, the administrative judge should provide the parties with an opportunity to present evidence and argument, including a supplemental hearing, if requested, addressing this issue. *See* 5 U.S.C. § 7701(a)(1), (b)(1). The administrative judge should then address this affirmative defense in her remand initial decision.

Regardless of whether the appellant proves harmful error, if any argument or evidence on remand affects the administrative judge's analysis of the other issues, the administrative judge should address such argument or evidence in the remand initial decision.

<u>On remand, the administrative judge should permit the appellant to pursue her claim of harmful procedural error concerning the agency's alleged violation of the applicable CBA.</u>

The appellant contends on review that the agency engaged in harmful procedural error under 5 C.F.R. § 1201.56(c)(3) in November 2017, approximately 6 months before her removal. PFR File, Tab 1 at 1. She appeared to raise a harmful procedural error defense before the administrative judge by alleging that the agency violated the applicable CBA by failing to apply progressive discipline before removing her. IAF, Tab 4 at 3, Tab 14 at 6. The

administrative judge did not include harmful error as an affirmative defense in the order and summary of telephonic prehearing conference, and the appellant never objected to the administrative judge's characterization of her affirmative defenses. IAF, Tab 17 at 2-3. However, the appellant, through her non-attorney representative, appeared to argue this affirmative defense at the hearing by questioning the proposing official about whether the agency applies progressive discipline. IAF, Tab 18-2, Hearing Recording. Considering the factors set forth in *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-28, and exercising our discretion to consider any argument on appeal regardless of whether it was raised below, 5 C.F.R. § 1201.115(e), we instruct the administrative judge to permit the parties to present evidence and argument on this issue on remand. If the appellant continues to pursue this argument on remand, the administrative judge should address it in her remand initial decision. Moreover, if any argument or evidence on this issue affects the administrative judge's analysis of the other issues, she should address such argument or evidence in the remand initial decision.

On remand, the administrative judge should reassess the appellant's claim of EEO retaliation consistent with *Pridgen*.

On review, the appellant reiterates her argument that the agency created a hostile work environment and removed her in retaliation for a 2017 EEO complaint. PFR File, Tab 1 at 1-2, Tab 5 at 2-3; IAF, Tab 14 at 4, 16. We find that further adjudication of the appellant's EEO retaliation claim is warranted.[3]

The administrative judge, in both the order and summary of the telephonic prehearing conference and the initial decision, erroneously applied the "genuine nexus" reprisal standard set forth in *Warren v. Department of the Army*, 804 F.2d

---

[3] The agency stated that the appellant filed an EEO case on April 24, 2018, alleging that her removal was in retaliation for prior EEO activity, but that the case was still in the informal stage. IAF, Tab 14 at 16. Thus, it appears that the appellant's Board appeal alleging the same subject matter was filed prior to any formal EEO complaint. IAF, Tab 1 at 1, Tab 14 at 16. Accordingly, we find that the appellant has elected to proceed before the Board on her EEO retaliation claim. *See Crumpton v. Department of the Treasury*, 98 M.S.P.R. 115, ¶ 10 (2004); *see also* 29 C.F.R. § 1614.302(b).

654, 656-58 (Fed. Cir. 1986), to the appellant's claim of EEO retaliation. IAF, Tab 17 at 2-3; ID at 15. She found that the appellant failed to show that anyone involved in her removal was aware of her protected activity and, therefore, failed to show by preponderant evidence that her removal was in retaliation for EEO activity. ID at 15. The Board overruled the "genuine nexus" standard for analyzing claims of EEO retaliation in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 48-51 (2015), *overruled in part by Pridgen*, 2022 MSPB 31, ¶¶ 23-25. In *Pridgen*, we further clarified the evidentiary standards and burdens of proof for EEO retaliation claims, and overruled *Savage* by finding that the *McDonnell Douglas* framework applies. *Pridgen*, 2022 MSPB 31, ¶¶ 20-25, 30-33, 44-47; *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). On remand, the administrative judge shall provide the parties an opportunity to submit relevant evidence and argument on this issue and, in the remand initial decision, reassess the appellant's affirmative defense of EEO retaliation in accordance with *Pridgen*.[4]

Furthermore, the administrative judge considered the appellant's allegations of a hostile work environment and found that the appellant failed to show that she was subjected to a hostile work environment based on any protected class under Title VII, i.e., sex, race, color, religion, or national origin. ID at 15-16. However, as acknowledged by the administrative judge in her prehearing conference order, IAF, Tab 17 at 3, evidence of a hostile work environment might also constitute circumstantial evidence of a retaliatory motive, *see Pridgen*, 2022 MSPB 31, ¶¶ 24, 30. In her reply to the agency's response to her petition for review, the appellant expressly alleges that her EEO complaint concerning unlawful discrimination caused disparate treatment from management.

---

[4] On review, the appellant alleges broadly that the EEO complaint was based on unlawful discrimination under 5 U.S.C. § 2302(b)(1). PFR File, Tab 1 at 1, Tab 5 at 2. Her burden of proof depends on whether she alleged Title VII and/or age discrimination, or disability discrimination in her prior EEO complaint. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 30, 44-47; *see also Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 33.

PFR File, Tab 5 at 2. Therefore, on remand, the administrative judge should consider any argument or evidence of harassment in the context of her EEO retaliation claim.

If any argument or evidence on the appellant's EEO retaliation claim affects the administrative judge's analysis of the other issues, she should address such argument or evidence in the remand initial decision on those issues.

<u>On remand, the administrative judge should review the agency's penalty selection by considering the *Douglas* factors.</u>

The administrative judge found that, because the agency proved the charge by substantial evidence and the appellant failed to prove her affirmative defenses by preponderant evidence, the removal penalty must be affirmed. ID at 16. She stated that the reasonableness of the agency's imposed penalty, along with a consideration of mitigating and aggravating factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), was immaterial, but she did not have the benefit of subsequent Federal Circuit decisions on this issue. ID at 3; *see Sayers*, 954 F.3d at 1379; *see also Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1323-27 (Fed. Cir. 2021); *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1322-27 (Fed. Cir. 2021). In *Sayers*, the Federal Circuit clarified that, while the Board may not "mitigate the penalty," § 714 nevertheless requires the Board to review for substantial evidence the entirety of the agency's removal decision—including the penalty. *Sayers*, 954 F.3d at 1379. In *Connor*, the Federal Circuit addressed the continued relevance of the *Douglas* factors and concluded that § 714 "did not alter preexisting law, which required the VA and the Board to apply the *Douglas* factors to the selection and review of penalties in VA disciplinary actions." *Connor*, 8 F.4th at 1326. It stated, "if the Board determines that the VA failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the VA for a redetermination of the penalty." *Id.* at 1326-27; *see Semenov*, 2023 MSPB 16, ¶¶ 44-49

(remanding the matter to the administrative judge to review the agency's penalty selection by considering the *Douglas* factors).

Here, the deciding official referenced some of the *Douglas* factors in making her removal decision. IAF, Tab 8 at 9. She did not testify at the hearing. The appellant testified about her personal health, her mother's illness, and a lack of progressive discipline in her removal, which the administrative judge recognized as circumstances ordinarily considered as mitigating factors with respect to the penalty but, in this case, were immaterial. ID at 16. On remand, the administrative judge should permit the parties to submit additional evidence and argument on the penalty issue, determine whether the agency proved by substantial evidence that it properly applied the relevant *Douglas* factors and whether the agency's penalty was reasonable, and, if not, remand the matter to the agency for a new decision on the appropriate penalty. *See Semenov*, 2023 MSPB 16, ¶ 50. The administrative judge should consider that specifications 1 and 2 cannot be sustained. *See Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 651 (1996) (stating that an agency's failure to sustain all of its supporting specifications may require, or contribute to, a finding that the agency's penalty is not reasonable).

<u>The administrative judge need not consider other claims raised by the appellant for the first time in her petition for review.</u>

In her petition for review, the appellant mentioned her prior Board appeal concerning her probationary termination, which the administrative judge dismissed for lack of jurisdiction. PFR File, Tab 1 at 1, Tab 4 at 2; *Winston v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-17-0747-I-1, Initial Decision at 1-3 (Oct. 4, 2017). Her prior Board appeal did not appear to involve claims of discrimination or retaliation for engaging in EEO activity. Therefore, to the extent that the appellant alleges retaliation for filing her prior Board appeal, the standard under *Warren*, 804 F.2d at 658, would apply. *See* 5 U.S.C. § 2302(b)(9)(A)(ii); *see also Pridgen*, 2022 MSPB 31, ¶ 32.

However, the Board will generally not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Pridgen*, 2022 MSPB 31, ¶ 34 n. 10; *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). As it does not appear that the appellant raised an affirmative defense of retaliation for filing her prior Board appeal at any point before the administrative judge, we find that the administrative judge need not address this claim on remand.

Similarly, for the first time on review, the appellant raises a claim of "retaliation for whistleblowing activities under 5 U.S.C. 2302(b)(8) and (b)(9)(A) (i), (B), (C) or (D)." PFR File, Tab 1 at 2. She identifies, presumably as the alleged whistleblowing activity, a police report that she allegedly filed against her supervisor on February 22, 2018. *Id.* The appellant did not raise this affirmative defense below or submit a February 22, 2018 police report into the record, and the administrative judge did not identify any whistleblower reprisal affirmative defense in her August 8, 2018 order and summary of the telephonic prehearing conference. IAF, Tab 14, Tab 17 at 2-3. The appellant has not explained why she did not raise a whistleblower reprisal affirmative defense below. PFR File, Tabs 1, 5. Therefore, we find that she is precluded from doing so on review. *See Pridgen*, 2022 MSPB 31, ¶ 34 n. 10; *Banks*, 4 M.S.P.R. at 271. Accordingly, the administrative judge need not address the appellant's whistleblower reprisal claim on remand.

**ORDER**

We vacate the initial decision and remand the appeal to the regional office for further adjudication. In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.

FOR THE BOARD:                          *Gina K. Grippando*
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.